UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYPHOON INTERNATIONAL CORP.,

         Plaintiff,

vs.                              Case No.  2:05-cv-320-FtM-29SPC

COMAG MARKETING GROUP, LLC,

         Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Comag Marketing Group LLC's Motion to Dismiss Counts II, III and IV of Complaint (Doc. #16) filed on September 19, 2005.  Plaintiff filed its Memorandum of Law in Opposition to Defendant's Motion to Dismiss on October 10, 2005.  (Doc. #21).

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint simply must give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**II.**

The Complaint (Doc. #2) sets forth the following: On April 14, 2004, plaintiff Typhoon International Corp., a Florida corporation, d/b/a Trident Press International (plaintiff or Trident), entered into an Agreement with defendant Comag Marketing Group, LLC (defendant or Comag), a Delaware company. The Agreement provides that defendant would be the exclusive distributor for the distribution, marketing and sale of various Trident Publications throughout the United States and Canada. Plaintiff alleges that defendant promised and assured it that defendant could perform all aspects of the agreement, and this promise induced plaintiff to enter into the agreement. Plaintiff further asserts that defendant's representations, prior to, contemporaneously with, and after execution of the agreement, were false. Plaintiff also claims that defendant failed to perform its obligations under the agreement. The five-count Complaint alleges the following causes of action: (1) breach of contract (Count I); (2) contractual indemnification (Count II); (3) fraud in the inducement (Count III); (4) cancellation/rescission of the agreement (Count IV); and (5) declaratory relief that defendant materially breached the contract (Count V). In response, defendant filed a motion to

dismiss Counts II, III, and IV of the Complaint, arguing that plaintiff failed to state a claim in these counts.

### III.

**A. Contractual Indemnification – Count II**

Defendant contends that the contractual indemnification provision of the subject agreement "only applies if Trident is injured as a result of a claim by a *third party* that is 'inconsistent with [Comag's] representations, covenants and warranties" – not in a lawsuit between Trident and [Comag] pursuant to the Agreement itself." (Doc. #16, p. 6). The pertinent clause of the Agreement is section 12(b), which states:

> [Comag] represents, covenants and warrants to [Trident] that it has the right and authority to enter into the Agreement and the ability to perform its obligations hereunder, and that the performance of its services hereunder will not violate any law, regulation or statute of any jurisdiction. [Comag] shall indemnify and hold [Trident] and its officers, agents and representatives harmless from and against any damages, costs, fines, expenses, judgments, settlements, penalties, liabilities or losses of any kind or nature resulting from any claim, cause of action, suit or proceeding, that is inconsistent with its representations, covenants and warranties set forth herein.

Plaintiff responds that the language used in the contractual indemnification provision does not limit recovery to injuries resulting from third party claims. (Doc. #21, p. 7).

The parties agree that New York law applies to Count II pursuant to § 16 of the Agreement, which states:

> <u>Applicable Law and Disputes</u>.  This Agreement shall be deemed to have been made and entered into in the State of

> New York, and all rights and duties of the parties hereto shall be governed, controlled, interpreted and defined by and under the laws of the State of New York, applicable to the agreements made and to be wholly performed therein.

Under New York law, "it is well settled that a written agreement which is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." <u>Masters v. 14-22 Leonard St. Assocs. LLC</u>, 11 A.D.3d 380, 381 (N.Y. App. Div. 2004)(internal citations omitted); <u>see also</u> <u>Signature Realty, Inc. v. Tallman</u>, 2 N.Y.3d 810, 811 (N.Y. 2004) ("when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.")(internal citations omitted). "Further, a court may not, under the guise of interpreting a contract, add or omit terms or distort the meaning of those used to fashion a new contract on behalf of the parties. <u>Masters</u>, 11 A.D.3d at 381-82 (internal citation omitted).

By its express language, the Agreement states that defendant shall indemnify and hold plaintiff "harmless from <u>any</u> damages, costs, ... resulting from <u>any</u> ... claim .... that is inconsistent with its representations...." (Doc. #2, Ex. A, p. 17-18, emphasis added). Nothing in the Agreement limits defendant's obligation to indemnify plaintiff only to third party claims. Thus, the Court concludes the motion to dismiss Count II is due to be denied.

**B.   Economic Loss Rule**

Defendant asserts that Counts III and IV should be dismissed pursuant to the Florida economic loss rule. Plaintiff disagrees, and argues that New York law applies.

### (1) Count III (Fraudulent Inducement)

Defendant contends that Count III (fraudulent inducement) should be dismissed because the economic loss rule bars tort recovery for contract claims which involve no injury to person or property. (Doc. #16, p. 7). Plaintiff responds that the economic loss rule is inapplicable where recover is sought pursuant to a theory of fraudulent inducement.

Under Florida law, "[t]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indemnity Ins. Co. of North Am. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). The economic loss rule applies "when the parties are in contractual privity and one party seeks to recover damages in tort." Id. "The Florida Supreme Court has announced that 'by recognizing that the economic loss rule may have some genuine, but limited, value in our damages law, we never intended to bar well-established common law causes of action.'" D&M Jupiter, Inc. v. Friedopfer, 853 So. 2d 485, 487 (Fla. 4th DCA 2003)(quoting Moransais v. Heathman, 744 So. 2d 973, 983 (Fla. 1999)). Thus, "the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation." Id. "The test to determine if the economic loss rule applies is to

ask if the fraud alleged is in an act of performance or in a term of the bargain." Id. (citing Allen v. Stephan Co., 784 So. 2d 456, 457 (Fla. 4th DCA 2000)). "[W]hen the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'" Id. However, "when the 'fraud occurs in the connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort." Id. at 487-88.

Under New York law, "[a] cause of action to recover damages for fraud may not be maintained when the only fraud alleged relates to a breach of contact." Lee v. Matarrese, 17 A.D.3d 539, 540 (N.Y. App. Div. 2005)(internal citations omitted). "[A] cause of action will be found to sound in tort rather than in contract only when the legal relations binding the parties are created by the utterance of a falsehood, with fraudulent intent and reliance thereon, and the cause of action is entirely independent of contractual relations between the parties." Id.

The Court finds that under either Florida or New York law the economic loss rule does not bar most of plaintiff's fraudulent inducement claim.  Count III alleges that defendant made false material misrepresentations or omissions prior to and contemporaneously with the execution of the Agreement. (Doc. #2, ¶43).  This portion of the claim is not barred.  Count III also incorporates paragraphs 1-31, which include the General Allegation

that false representations made <u>after</u> the execution of the Agreement. (Doc. #2, ¶ 12). The economic loss rule bars any claim for fraudulent inducement for false representations or omissions made after execution of the Agreement. Thus, the motion to dismiss Count III will be granted to the extent it relates to such post-Agreement false representations or omissions and will otherwise be denied.

Additionally, defendant argues that, under New York law, Count III should be dismissed because plaintiff's fraudulent inducement claim is duplicative to the breach of contract claim. Plaintiff responds that New York law recognizes breach of contract and fraudulent inducement claims as clearly separate and distinctive causes of action. Since the federal pleading rules allow for alternative pleading of claims, Fed. R. Civ. P. 8(a), this argument does not require dismissal.

**(2)  Count IV (Rescission/Cancellation)**

Defendant next contends that the Florida economic loss rule bars Count IV (rescission/cancellation). In response, plaintiff argues that the economic loss rule is inapplicable because Count IV is not based on a tort theory. Count IV is a cause of action for equitable relief, not based upon tort theory. As such, the economic loss rule does not apply to Count IV, and the motion to dismiss Count IV is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendant Comag Marketing Group LLC's Motion to Dismiss Counts II, III and IV of Complaint (Doc. #16) is **GRANTED** to the extent that Count III is dismissed as to any claim of fraudulent inducement based upon false representations or omissions made after execution of the Agreement, and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of December, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record